Electronically FILED by Superior Court of California, County of Los Angeles on 11/07/2022 05:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Jones, Deputy Clerk
22STCV35196

| | **SUM-100** |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FANATICS RETAIL GROUP CONCESSIONS, LLC, and DOES 1
through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUIS ANTUNEZ CALDERON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Los Angeles Superior Court | *(Número del Caso):* |
| 111 North Hill Street | 22STCV35196 |
| Los Angeles, California 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Montes, Jr., Rafii & Associates, P.C., 9100 Wilshire Blvd,, Suite 465E, LA, CA 90212; (310)777.7877

| | Sherri R. Carter Executive Officer / Clerk of Court |
|---|---|
| DATE: 11/07/2022 | Clerk, by D. Jones , Deputy |
| *(Fecha)* | *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Fanatics Retail Group Concessions, LLC ,

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[✓] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courtinfo.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Electronically FILED by Superior Court of California, County of Los Angeles on 11/04/2022 02:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV35196

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

RAFII & ASSOCIATES, P.C.
Robert Montes, Jr. (SBN 159137)
robert@rafiilaw.com
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone:  310.777.7877
Facsimile:  310.777.7855

Attorneys for Plaintiff,
LUIS ANTUNEZ CALDERON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LUIS ANTUNEZ CALDERON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FANATICS RETAIL GROUP CONCESSIONS, LLC and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 22STCV35196<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1. **Disability Discrimination;**<br>2. **Failure to Engage in the Interactive Process;**<br>3. **Failure to Prevent Disability Discrimination;**<br>4. **Wrongful Termination in Violation of Public Policy;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LUIS ANTUNEZ CALDERON (hereinafter "CALDERON" or "Plaintiff"), complains against FANATICS RETAIL GROUP CONCESSIONS, LLC and DOES 1 through 25 (collectively "Defendants"), and pleads upon information and belief as follows:

## I.

## JURISDICTION

1.      This is a civil action seeking recovery of damages for disability discrimination and wrongful termination in violation of public policy.

2.      At all relevant times herein, Plaintiff was a resident of California, in Los Angeles

PLAINTIFF'S COMPLAINT FOR DAMAGES

County.

3.     The claims, transactions, obligations complained of herein occurred within Los Angeles County.

4.     Defendants either own, maintain offices, manage, employ individuals, transact business, i.e. Defendants' services include staffing, baking, sales of baked goods and products and has an agent or agents, or live within the County of Los Angeles, or otherwise is found within the County of Los Angeles and each Defendant is within the jurisdiction of this Court for purpose of service of process.

5.     The true names and capacities of the DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff therefore, sue said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff are informed and believe, and thereon allege, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiff as herein alleged.

6.     At all times herein mentioned, Plaintiff alleges that each of the Defendants were the agents, principals, partners, associates, joint venturers, shareholder, director, member, co-conspirator, alter-ego, master, or partner of each of the remaining co-Defendants; that the Defendants, and each of them, were at all times acting within the course, purpose and scope of said agency, partnership, association, joint venture employment and/or conspiracy and that the Defendants, and each of them, were acting with the full knowledge, agreement, authorization, ratification, either express or implied, permission and/or consent of the remaining co-Defendants and are, therefore liable, vicariously and/or otherwise, jointly and severally, for the damages and injury they caused to Plaintiff.

7.     Defendants, and each of them, are individually, jointly, and severably liable as the employer of Plaintiff because each Defendant directly or indirectly, or through an agent or another person, employed or exercised control over Plaintiff's wages, hours, and working conditions. At all times mentioned herein, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein. Furthermore, whenever this Complaint makes reference to "Defendant" or "Defendants," such

//

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

---

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

allegations shall be deemed to mean the acts of Defendants, and each of them, acting individually, jointly, and/or severally.

8.     At all times mentioned herein, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

## II.

## PARTIES

9.     Plaintiff, LUIS ANTUNEZ CALDERON, is a former employee of Defendants, who was employed from May 23, 2018, through August 20, 2021, when he was terminated.

10.    Upon information and belief, FANATICS RETAIL GROUP CONCESSIONS, LLC, has its corporate headquarters and principal place of business at 8100 Nations Way, Jacksonville, FL. 32256. Defendant's services include the retail sales of licensed professional sports merchandise.

## III.

## VENUE

11.    Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5 since at least some of the obligations, liabilities, and breaches complained of herein arose or occurred in the County of Los Angeles. Each Defendant either owns, maintains offices, manages, transacts business, has an agent or agents, or lives within the County of Los Angeles, or otherwise is found within the County of Los Angeles and each Defendant is within the jurisdiction of this Court for purpose of service of process.

12.    The unlawful acts, omissions and violations of the California Fair Employment & Housing Act (hereinafter "FEHA") alleged herein were committed by Defendants in the County of Los Angeles, State of California and the amounts of damages sought by Plaintiff herein exceeds the minimum jurisdictional limits of the Court. Furthermore, on or about November 3, 2022, Plaintiff filed charges against FANATICS RETAIL GROUP CONCESSIONS, LLC, with the Department of Fair Employment and Housing and received her notification of her right-to-sue on the same date. Attached hereto as **EXHIBIT "A"** and incorporated herein by reference is a true and correct copy of the FEHA right-to-sue letter.

//

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

# IV.
## GENERAL ALLEGATIONS

13.     At all relevant times herein, Plaintiff LUIS ANTUNEZ CALDERON ("Plaintiff") was and is a resident of the County of Los Angeles, State of California.

14.     At all relevant times herein, defendant FANATICS RETAIL GROUP CONCESSIONS, LLC ("FANATICS") was and is a business entity organized and existing under the laws of the State of Delaware with its principal place of business in Jacksonville, Florida. Upon information and belief, FANATICS, was and is registered to do, and is doing, business in the State of California, including the County of Los Angeles.

15.     Plaintiff LUIS ANTUNEZ CALDERON, was Defendants' employee through the liability period. He was employed by Defendants from May 23, 2018, through August 19, 2021, when he was terminated.

16.     Plaintiff's job as a retail cashier at FANATICS RETAIL GROUP CONCESSIONS, LLC included preparing the retail location at Banc of California Stadium in Los Angeles, CA, assisting customers with purchases, managing and sorting through inventory, ringing customers up at the point-of-sale system, and being a representative of the brand FANATICS RETAIL GROUP CONCESSIONS, LLC.

17.     On August 19, 2018, Plaintiff CALDERON was working as a retail cashier for DEFENDANT. During his legally entitled break he had a serious accident, in which he sustained significant injuries. He was lawfully walking across the street to get a meal when he was struck by a car. His injuries included a 2.1mm disc protrusion at C2-3; a 2.9mm disc protrusion at C3-4; a 2.3mm disc protrusion at C4-5; a 2.4mm disc protrusion at C5-6; a 2.3mm disc protrusion at C6-7; a 1.5mm disc protrusion at L3-4; a 2.2mm disc protrusion at L4-5; a 2.8mm disc protrusion at L5-S1 and a tear in his left wrist. His severe injuries required medical treatment and therapy. The extensive medical care is reflected in his medical expenses which totaled $661,091.59.

18.     The August 19, 2018, accident injuries required Plaintiff to undergo several surgeries, including the following:

      a.  On June 4, 2019, Plaintiff underwent Left-sided L4-L5 facet injection and left-sided L5-S1 facet injection;

      b.  On July 30, 2019, Plaintiff underwent Bilateral L4-L5 facet injection and bilateral L5-S1 facet injection;

4

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

c.   On October 14, 2019, Plaintiff underwent the surgical procedure of a left wrist dorsal compartmental release.

d.   On December 10, 2019, Plaintiff underwent Bilateral L4-L5 and L5-S1 median branch endoscopic rhizotomy and bilateral cluneal nerve block;

e.   On July 6, 2020, Plaintiff underwent High frequency spinal cord stimulation trial using Medtronics spinal stimulation electrode leads at at T8 to T10 levels;

f.   On September 22, 2020, Plaintiff underwent Spinal stimulator implant with Medtronics at T8 to T10 levels;

g.   On October 2, 2020, Plaintiff underwent Wound check and revision of the Implantation of Medtronic spinal cord stimulator;

h.   On June 29, 2021, Plaintiff underwent revision of the Medtronics spinal cord stimulator electrode and leads.

19.     Both prior to and subsequent to the surgeries, Plaintiff Calderon had medical appointments and underwent physical therapy for his injuries which required him to take time off from work to attend his medical appointments.

20.     Despite Plaintiff's pain and discomfort from his injuries and numerous surgeries, Plaintiff continued to report to work to complete tasks required of his employment.

21.     Plaintiff Calderon told his then manager Rachel Carroll as well as notifying Defendant's HR department that he would be enduring medical treatment that would require him to attend medical appointments and physical therapy.

22.     Plaintiff Calderon's manager Rachel Carroll was aware of Plaintiff's accident and his need to attend medical appointments and therapy and she advised Plaintiff that he was given the accommodation to take time off as needed to attend his medical appointments.

23.     Plaintiff's manager Rachel Carroll was subsequently terminated and Clare Alvarado was Plaintiff's interim manager/HR person when terminated.

24.     Despite Rachel Carroll's approval and accommodation for Plaintiff to attend necessary medical appointments and therapy, Clare Alvarado refused to acknowledge Plaintiff's physical disability and took a hostile attitude to Plaintiff, telling him that "You're always sick, always calling in late, always in therapy. We don't need a disabled person. Give me your credentials." Alvarado demanded Plaintiff's badge and advised him that he was terminated.

25.     Clare Alvarado's attitude and conduct towards Plaintiff was even more egregious

and outrageous considering the fact that Plaintiff's accident and injuries occurred while he was in the course and scope of his employment with defendants.

## V.

### FIRST CAUSE OF ACTION FOR DISABILITY DISCRIMINATION
### GOVERNMENT CODE § 12940(a)
**(Against All Corporate Defendants)**

25.     Plaintiff re-alleges and incorporates paragraphs 1 through 24, inclusive, of this Complaint as though fully set forth herein.

26.     Government Code § 12940(a) states that it is an **unlawful employment practice** for an employer ". . . to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment or to bar or **to discharge the person from employment** or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" **based on an individual's physical disability**. [emphasis added]

27.     Plaintiff, at all times relevant hereto, was an "employee" of Defendants, as defined by Government Code § 12926(c), for the purposes of Government Code § 12940(a).

28.     Defendants were at all material times "employers," as defined by Government Code § 12926(d) and, as such, were barred from discriminating in employment decisions on the basis of physical disability, as set forth in Government Code § 12940.

29.     Defendants discriminated against Plaintiff on the basis of physical disability in violation of Government Code § 12940(a), Article I of the California Constitution, and related statutes by engaging in the course of conduct more fully set forth elsewhere herein, including by terminating Plaintiff's employment on the basis of Plaintiff's physical disability, and such discriminatory conduct was a substantial factor in causing the harm to Plaintiff alleged herein.

30.     Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression and malice.

31.     As a result of Defendants' unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and

6

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code § 3287 or 3288 and any other applicable provision of law.

32.     The disability discrimination committed by Defendants was intentional, malicious, wanton, and oppressive, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

33.     As a further direct and proximate result of Defendants' violation of Government Code § 12940(a), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to Government Code § 12965(b).

## VI.

## SECOND CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### GOV. CODE§ 12940(n)

### (Against all Defendants)

34.     Plaintiff re-alleges and incorporates paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35.     Government Code §12940 (n) requires employers to engage in a "timely, good faith, interactive process" with an employee to determine effective reasonable accommodations if an employee with a known disability so requests. The interactive process is the key mechanism for facilitating the integration of disabled employees in the workplace and liability may be imposed on the employer for failing to engage in the process."

36.     California Code of Regulations, Title 2, § 11069, provides that an employer "shall initiate an interactive process when. an applicant or employee with a known physical or mental disability or medical condition requests reasonable accommodations ...."

37.     Defendants are employers within the meaning of, and subject to, Government Code §§ 12940, et seq.

//

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

38.     Plaintiff was a qualified individual with a disability, able to perform in his position with a reasonable accommodation.

39.     Defendants were required to initiate an interactive process because Plaintiff suffered from a physical disability that Defendants knew about, and Plaintiff requested a reasonable accommodation.

40.     Despite having notice of Plaintiff's physical disability and his request for a reasonable accommodation, Defendants refused to engage in a good faith interactive process to accommodate Plaintiff's physical disability, and instead terminated Plaintiff's employment.

41.     Such actions are unlawful and discriminatory in violation of Government Code §§ 12940, et. seq., and have resulted in damages and injury to Plaintiff.

42.     As a result of Defendants' failure to engage in the interactive process and accommodating Plaintiff's disability, Defendants terminated Plaintiff and as such she suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code § 3287 or 3288 and any other applicable provision of law.

43.     Defendants' failure to engage in the interactive process was intentional, malicious, wanton, and oppressive, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code§ 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

44.     As a direct and proximate result of Defendants' violation of Government Code §12940(n), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys' fees and costs pursuant to Government Code §12965(b).

//
//
//
//

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

8

## VII.

### THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISABILITY DISCRIMINATION AND HARASSMENT

### GOVERNMENT CODE § 12940(k)

#### (Against all Defendants)

45.     Plaintiff re-alleges and incorporates paragraphs 1 through 44, inclusive, of this Complaint as though fully set forth herein.

46.     Plaintiff, at all times relevant hereto, was an "employee" of Defendants, as defined by Government Code § 12926(c), for the purposes of Government Code § 12940(k), which makes it an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. The employer's duty to prevent harassment and discrimination is affirmative and mandatory. (Northrop Grumman Corp. v. Workers' Camp. Appeals Bd. (2002) 103 Cal.App.4th 1021, 1035.)

47.     As described more fully elsewhere herein, Plaintiff was subjected to unlawful discrimination in the course of Plaintiff's employment with Defendants.

48.     Defendants failed to take all reasonable steps necessary to prevent the discrimination and harassment suffered by Plaintiff, in violation of Government Code § 12940(k), and such failure was a substantial factor in causing the harm to Plaintiff alleged herein.

49.     Specifically, Defendants failed to take any preventative or ameliorative action against those managers, supervisors, and employees who were discriminating against Plaintiff or enabling others to do so. If Defendants have a written policy addressing the issue of discrimination, that policy is not enforced and is consistently disregarded.

50.     Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression and malice

51.     In engaging in the aforementioned conduct, Defendants aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of Government Code § 12940(i) and the announced policy of this State against such practices.

52.     As a result of Defendants' failure to prevent the unlawful discrimination described herein, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status

9

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code § 3287 or 3288 and any other applicable provision of law.

53.     The failure of Defendants to prevent the unlawful discrimination suffered by Plaintiff was intentional, malicious, wanton, and oppressive, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

54.     As a direct and proximate result of Defendants' Violation of Government Code §12940(k), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and costs. Plaintiff requests an award of such attorneys ' fees and costs pursuant to Government Code §12965(b).

## VIII.
## FOURTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants.)

72.     Plaintiff re-alleges and incorporates paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

73.     The acts committed by Defendants and described above are contrary to substantial and fundamental public policies delineated in both state and federal laws, including but not limited to California Government Code §§12940, et seq. These state laws articulate substantial and fundamental public policies in favor of: (1) the right to make a complaint regarding the violation of law.

74.     California Government Code §§12940, provides, "It is an **unlawful employment practice**, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:

(a)     **For an employer, because of** the race, religious creed, color, national origin, ancestry, **physical disability**, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or

10

veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or **to discharge the person from employment or** from a training program leading to employment, or **to discriminate against the person** in compensation or **in** terms, conditions, or **privileges of employment**. [emphasis added]

In contradiction to these legally protected parameters, Defendants engaged in a course of conduct to terminate Plaintiff due to his physical disability and condition.

75.     On August 19, 2021, Defendants wrongfully terminated Plaintiff in violation of public policy in that Plaintiff desired to continue working with the reasonable accommodations granted to him by his manager Rachel Carroll as well as Defendant's HR that he would be enduring medical treatment that would require him to attend medical appointments and physical therapy.

76.     As a direct and proximate result of the wrongful termination, Plaintiff sustained and continues to sustain economic damages for past and future loss of earnings and benefits, including health insurance and other employee benefits, according to proof.

77.     As a further direct and proximate result of the wrongful termination, Plaintiff has experienced restlessness, anxiety, stress, and harm to his personal and professional dignity. Plaintiff has also manifested physical symptoms proximately caused by Defendants' actions. Plaintiff has also suffered emotional damages as a result of his treatment by Defendants, including worrying about his financial future. Accordingly, Plaintiff seeks an award of damages for these harms according to proof.

78.     Defendants acted with malice and oppression toward Plaintiff and with conscious disregard of Plaintiff's rights, and Plaintiff is thus entitled to punitive damages against Defendants in sums sufficient to punish them and set an example in view of their financial condition.

//
//
//
//
//
//
//

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

    (a)    For compensatory damages;

    (b)    For special damages, according to proof;

    (c)    For mental and emotional distress damages;

    (d)    For punitive and exemplary damages;

    (e)    For an award of interest, including prejudgment interest, at the maximum legal rate;

    (f)    For reasonable attorneys' fees;

    (g)    For costs of suit; and

    (h)    For such other and further relief as the Court may deem just and proper.

Dated: November 3, 2022        **RAFII & ASSOCIATES, P.C.**

By:    _____

        Robert Montes, Jr.
        Attorneys for Plaintiff
        LUIS ANTUNEZ CALDERON

## JURY DEMAND

Plaintiff demands a trial by jury on all issues that may be tried by a jury.

Dated: November 3, 2022        **RAFII & ASSOCIATES, P.C.**

By:    _____

        Robert Montes, Jr.
        Attorneys for Plaintiff
        LUIS ANTUNEZ CALDERON

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT| RESULTS

PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

                                                                                         KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 3, 2022

Roberto Montes
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, CA 90212

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202211-18771002
      Right to Sue: Antunez Calderon / Fanatics Retail Group Concessions, LLC

Dear Roberto Montes:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                            KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 3, 2022

RE:   **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202211-18771002
       Right to Sue: Antunez Calderon / Fanatics Retail Group Concessions, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                            KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 3, 2022

Luis Antunez Calderon
4215 S Flower St.
Los Angeles, CA 90037

RE:  **Notice of Case Closure and Right to Sue**
     CRD Matter Number: 202211-18771002
     Right to Sue: Antunez Calderon / Fanatics Retail Group Concessions, LLC

Dear Luis Antunez Calderon:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 3, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing



STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Luis Antunez Calderon

CRD No. 202211-18771002

Complainant,

vs.

Fanatics Retail Group Concessions, LLC
8100 Nations Way
Jacksonville, FL 32256

Respondents

_____

1. Respondent **Fanatics Retail Group Concessions, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Luis Antunez Calderon**, resides in the City of **Los Angeles**, State of **CA.**

3. Complainant alleges that on or about **August 20, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), other and as a result of the discrimination was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** Plaintiff, Luis Antunez Calderon was employed by Defendants Fanatics Retail Group Concessions, LLC as a retail cashier for approximately four years from May 23, 2018 through August 20, 2021. On or about August 19, 2018 Plaintiff, Calderon was working as a retail cashier and during his legally entitled break he had a serious accident that resulted in significant injuries. Plaintiff underwent several surgeries. Defendant's manager Rachel Carroll was aware of Plaintiff's accident and his need for accommodations. When Defendant subsequently terminated Carroll, an interim manager/HR advisor Clare Alvarado was appointed and she refused to acknowledge Plaintiff's disability.

-1-

Date Filed: November 3, 2022

CRD-ENF 80 RS (Revised 10/22)

1

2   Plaintiff was continuously subjected to disability discrimination and a hostile attitude at the
    hands of Defendant. Plaintiff had to endure egregious and outrageous conduct during his
3   time with Defendants until his untimely and wrongful termination on August 20, 2021.
    Plaintiff is informed and believes that his need for accommodations, injury and disability
4   status was a substantial factor in Defendants' discriminatory conduct towards him and their
    decision to unlawfully terminate him.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -2-
                            *Complaint – CRD No. 202211-18771002*
27
    Date Filed: November 3, 2022
28

                                              CRD-ENF 80 RS (Revised 10/22)

VERIFICATION

I, **Robert Montes, Jr. Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On November 3, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Beverly Hills, CA**

-3-
*Complaint – CRD No. 202211-18771002*

Date Filed: November 3, 2022

CRD-ENF 80 RS (Revised 10/22)